IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,720






EX PARTE LAWRENCE EDWARD THOMPSON, Applicant






ON APPLICATION FOR AN ORIGINAL WRIT OF HABEAS CORPUS

CAUSE NOS. 1036822 THROUGH 1036833 IN THE 248TH JUDICIAL DISTRICT
COURT FROM HARRIS COUNTY







 Per curiam.



O R D E R



 Applicant has filed a motion for leave to file a writ of habeas pursuant to the original
jurisdiction of this Court. In it, he contends that he was cited thirteen (13) times for contempt of
court in the 248th judicial district court. He also contends that the trial judge cumulated his sentences
and that he was sentenced to two-thousand one-hundred and sixty-three (2163) days' confinement
in Harris county jail. He alleges that this sentence was excessive in violation of Tex. Gov't Code,
§ 21.002(h)(1).

 The record shows that Applicant was cited thirteen times for contempt of court for refusing
to answer relevant questions during a criminal trial in the 248th judicial district court. The
proceedings were held on August 10, 2005, and were presided over by visiting judge Mary Bacon,
senior judge of the 338th judicial district court. Applicant was sentenced to three days' confinement
and a $500 fine in cause no. 1036821 and six months' confinement and a $500 fine in cause nos.
1036822 through 1036833. Judge Bacon ordered that these sentences be served consecutively. The
Fourteenth Court of Appeals dismissed Applicant's appeals because contempt proceedings are not
appealable and it did not have jurisdiction to entertain these appeals. See Thompson v. State, No. 14-05-00884 (Tex. App. - Houston [14th Dist.] 2005, no pet.)

 On April 25, 2007, this Court ordered the trial court, the judge of the 248th judicial district
court, to forward copies of the record to this Court. We also invited Judge Bacon to respond to
Applicant's allegations. We noted that Applicant had alleged facts which, if true, could entitle him
to relief. See Tex. Gov't Code, § 21.002 (h)(1). Also, we noted that this Court has previously
granted relief in original writs of habeas corpus from punishments assessed in contempt proceedings. 
See e.g. Ex parte Taylor, 777 S.W.2d 98 (Tex. Crim. App. 1989). In response to our order, the trial
court forwarded the requested record and Judge Bacon has filed a response. 

 We now order that this application be filed and set for submission to determine: 

(1) whether this Court has jurisdiction to consider this original application for writ of habeas corpus;
(2) whether Applicant's sentence exceeded the statutory maximum as defined in Tex. Gov't Code,
§ 21.002(h)(1); and

(3) whether Applicant's confinement violates his due process rights. 

 The parties shall brief these issues. The trial court shall determine whether Applicant is
indigent. If Applicant is indigent and desires to be represented by counsel, the trial court shall appoint
an attorney to represent Applicant. Tex. Code Crim. Proc. art 26.04. The trial court shall send to
this Court, within 60 days of the date of this order, a supplemental transcript containing either the
order appointing counsel or a statement that Applicant is not indigent. All briefs shall be filed with
this Court on or before September 12, 2007.

Filed: June 27, 2007

Do not publish